**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| JOSE JOAQUIN ORTIZ JAQUEZ, | |
| Plaintiff, | Case No. 3:26-cv-641 |
| -vs- | |
| BANK OF AMERICA CORPORATION | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Jose Ortiz (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, Bank of America Corporation (hereinafter "Bank of America"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC, Trans Union LLC, and Experian Information Solutions, Inc. (hereinafter collectively "CRAs").

1

3. When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information, such as Bank of America. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

## JURISDICTION, VENUE, AND PARTIES

4. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

5. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

6. Venue is proper in this District as Bank of America's principal place of business is within the District; the violations described in this Complaint occurred in this District; and Bank of America transacts business within this District.

7. Plaintiff is a "consumer" as defined by the FCRA and resides in New York County, New York.

8. Bank of America is a corporation headquartered at 100 N. Tryon St., Charlotte, NC 28255 and doing business through its registered agent CT Corporation System located at 160 Mine Lake Ct, Ste 200, Raleigh, NC 27615.

2

9. Bank of America is a "furnisher of information" as defined in 15 USC § 1681s-2.

10. Bank of America furnished information about Plaintiff to the CRAs, in particular, Experian, that was inaccurate.

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person who upon information and belief is a victim of a mixed file or extreme identity theft.

12. On or about February 2025, Plaintiff was in an auto accident and as a result, was in need of a new vehicle. During the application process, Plaintiff was informed of multiple accounts on his Experian Information Solutions, Inc. (hereinafter "Experian") credit file that did not belong to him.

13. Plaintiff became aware of three large Bank of America accounts reporting that did not belong to him:

    i. Bank of America, Partial Account #9322, opened 8/10/2025 for $77,680

    ii. Bank of America, Partial Account #7636, opened 5/29/2013 for $40,094

    iii. Bank of America, Partial Account #3700, opened 9/12/2022 for $83,686

3

14. Plaintiff did not take out these accounts, authorize anyone to take out such accounts in his name, nor did Plaintiff have any knowledge of said accounts.

15. Although the Bank of America accounts were not negative, such high balances negatively impacted Plaintiff's debt-to-income ratio, and thus negatively impacted Plaintiff's FICO credit score.

16. On May 27, 2025, Plaintiff filed a Federal Trade Commission Identity Theft Report Number 187886076 (hereinafter "FTC Report") explaining he believed he was a victim of identity theft due to erroneous accounts being reported on his credit file that did not belong to him.

17. On June 11, 2025, as result of the continuing inaccurate reporting, Plaintiff mailed a detailed dispute letter to Experian. Plaintiff explained that he had concerns with being a victim of identity theft or a victim of a mixed file and that the three (3) mortgages did not belong to him. Plaintiff provided images of his U.S. Passport Card and Social Security Card in the letter so Experian would be able to confirm his identity. Further, Plaintiff provided images of the erroneous reporting and an image of the FTC Report filed.

18. Plaintiff mailed his detailed dispute letter Experian via USPS Certified Mail, tracking number 9407 1111 0549 5820 0388 97. Delivery was confirmed on June 24, 2025.

4

19.     On or about July 1, 2025, Bank of America and Experian exchanged Automatic Consumer Dispute Verification (hereinafter "ACDV") forms wherein Bank of America verified to Experian that the accounts in question were accurate and that the personally identifiable information (hereinafter "PII") of the Plaintiff matched that of the account level information Bank of America had.

20.     On July 24, 2025, Plaintiff obtained a copy of his Experian credit report, and upon review he observed that the three (3) erroneous accounts continued to be reported. Such reporting continued to negatively impact Plaintiff.

21.     On August 13, 2025, Plaintiff mailed another detailed dispute letter in which he explained in detail to Experian that they were reporting three (3) mortgage accounts that did not belong to him. Plaintiff provided images of his U.S. Passport Card and Social Security Card, and a bank statement in the letter so Experian would be able to confirm his identity. Further, Plaintiff provided images of the erroneous reporting, image of the FTC Report filed.  Plaintiff was incredibly stressed, losing sleep at night and having to take time off from work in attempts to resolve the mistakes.

22.     Plaintiff mailed the aforementioned dispute letter to Experian via USPS Certified Mail, tracking number 9407 1111 0549 5862 7026 57.

23.     Despite delivery confirmation, Plaintiff never received results from Experian as to this second dispute.

24. Plaintiff was left feeling very frustrated and defeated.

25. On October 23, 2025, Plaintiff obtained a copy of his Experian Credit Report. Upon review, Experian continued to erroneously report the three (3) mortgage accounts.

26. Plaintiff mailed another dispute letter to Experian and reiterated that they were reporting three (3) mortgage accounts that did not belong to him. Plaintiff provided images of his U.S. Passport Card and Social Security Card, and a bank statement in the letter so Experian would be able to confirm his identity. Further, Plaintiff provided images of the erroneous reporting, image of the FTC Report filed. Plaintiff was incredibly stressed, losing sleep at night and having to take time off from work in attempts to resolve Experian's erroneous reporting.

27. Plaintiff mailed the aforementioned dispute letter to Experian via USPS Certified Mail, tracking number 9407 1111 0549 5845 4723 62.

28. Again, despite delivery confirmation of November 1, 2025, Plaintiff never received a response from Experian as to this third set of dispute letters.

29. On January 30, 2026, Plaintiff obtained a copy of his Experian Credit Report. Upon review, Experian continued to erroneously report the three (3) mortgage accounts.

30. As a result of Experian's actions/inactions, Plaintiff mailed another dispute letter to Experian on February 19, 2026, and reiterated that they were

6

reporting three (3) mortgage accounts that did not belong to him. Plaintiff provided images of his U.S. Passport Card and Social Security Card, and a bank statement in the letter so Experian would be able to confirm his identity. Further, Plaintiff provided images of the erroneous reporting, image of the FTC Report filed. Plaintiff was incredibly stressed, losing sleep at night and having to take time off from work in the attempts to resolve Experian's mistakes.

31. Plaintiff mailed the aforementioned dispute letter to Experian via USPS Certified Mail, tracking number 9407 1111 0549 5871 0815 83.

32. On or about March 2, 2026, Bank of America and Experian again exchanged ACDV forms regarding Plaintiff's dispute. This time though, despite Bank of America admitting in the ACDV that the PII did not match, in particular a different name, different social security number and different home address, Bank of America still verified to Experian that the accounts in question were accurate and belonged to Plaintiff.

33. Despite Plaintiff's best efforts to have the erroneous mortgage accounts removed from his Experian credit file, Bank of America continues to inaccurately verify the fraudulent reports as belonging to Plaintiff. Accordingly, Plaintiff's damages are ongoing as of the filing of this action.

34. Upon information and belief, it seems likely that Bank of America's automated systems are populating the information and verifying without actually

7

reviewing said information for accuracy, resulting in them verifying the accounts when Bank of America's internal information clearly shows the information is not accurate.

35. Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

36. As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix his consumer file. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Bank of America's reluctance to fix the errors;

    iv. Apprehensiveness to apply for jobs due to Bank of America's errors; and

8

v.   Defamation as Plaintiff's information has been published to third parties including but not limited to FICO to calculate Plaintiff's credit score.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681 s-2(b) as to
Defendant, Bank of America Corporation (Negligent)**

37.   Plaintiff re-alleges and incorporates paragraphs one (1) thirty-six (36) above as if fully stated herein.

38.   Bank of America furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

39.   After receiving Plaintiff's disputes, Bank of America violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

40.   Plaintiff provided all the relevant information and documents necessary for Bank of America to have identified that the information it was furnishing was inaccurate.

9

41. Bank of America did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Bank of America by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was not the responsible party, especially with supportive documentation.

42. Bank of America violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

43. As a direct result of this conduct, action, and/or inaction of Bank of America, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

44. The conduct, action, and inaction of Bank of America was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

45. Plaintiff is entitled to recover costs and attorney's fees from Bank of America in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JOSE JOAQUIN ORTIZ JAQUEZ, respectfully requests that this Court award actual damages against Defendant, Bank of America Corporation, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Bank of America Corporation (Willful)

46. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

47. Bank of America furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

48. After receiving Plaintiff's disputes, Bank of America violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

49.     Plaintiff provided all the relevant information and documents necessary for Bank of America to have identified that the information it was furnishing was inaccurate.

50.     Bank of America did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Bank of America by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was not the responsible party.

51.     Bank of America violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

52.     As a direct result of this conduct, action, and/or inaction of Bank of America, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

12

53. The conduct, action, and inaction of Bank of America was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

54. Plaintiff is entitled to recover costs and attorney's fees from Bank of America in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JOSE JOAQUIN ORTIZ JAQUEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Bank of America Corporation, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jose Ortiz, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, Bank of America Corporation, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

13

DATED this 7th day of August, 2026.

Respectfully submitted,

***/s/ Karl S. Gwaltney***
Karl S. Gwaltney, Esq.
NC State Bar #: 45118
Maginnis Howard
7706 Six Forks Rd, Ste 101
Raleigh, NC 27615
Tele: 919-526-0450
Facsimile: 919-882-8763
kgwaltney@carolinalaw.com

*Local Civil Rule 83.1(d) Counsel for Plaintiff*

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*

*Counsel for Plaintiff*
*Notice of Special Appearance Forthcoming*

14